# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANTONIO MILAN-RODRIGUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LORETTA E. LYNCH,<br><br>　　　　　Respondent. | Case No. 1:16-cv-01578-SAB-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has requested the appointment of counsel. (ECF No. 3).

　　　There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See also Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

　　　Petitioner argues that counsel should be appointed because he cannot adequately present the factual issues in this case. Petitioner currently is detained under extremely restrictive

conditions, limiting his ability to investigate and present the factual issues relevant to his petition. Additionally, since Petitioner was taken into custody, he has not had access to his legal papers, which were placed into "property for safekeeping." (ECF No. 3 at 2). Petitioner also contends that the complexity of the issues warrant appointment of counsel and that judicial economy also would be served by experienced federal counsel examining the claims in this petition.

Upon review of the petition, the Court finds that Petitioner has a sufficient grasp of his claims for habeas relief and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 20, 2016**

UNITED STATES MAGISTRATE JUDGE